UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MATTHEW GORA,

    Petitioner,                                Civil No. 05-CV-74438-DT
                                                  HONORABLE GERALD E. ROSEN
v.                                               UNITED STATES DISTRICT JUDGE

KENNETH ROMANOWSKI,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

    Joseph Matthew Gora, ("petitioner"), presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the state trial court's refusal to award him jail credit against his sentence for assault with intent to do great bodily harm, M.C.L.A. 750.84. For the reasons stated below, petitioner's application for writ of habeas corpus is summarily denied.

## I. Background

    Petitioner was sentenced by the Macomb County Circuit Court to four to fifteen years in prison for the offense of assault with intent to do great bodily harm. Petitioner requested that the trial court award him sentencing credits for the three hundred and twenty three days that petitioner had spent in the county

jail between his arrest and his sentencing. The trial court declined to award petitioner sentencing credits, because petitioner was on parole for a previous conviction at the time that he was arrested for this new offense, and a parole detainer had been placed on him by the State of Michigan at the time of his arrest.

Petitioner filed a motion for superintending control with the Michigan Court of Appeals, which was dismissed for lack of jurisdiction, because petitioner had an appeal available to challenge the trial court's decision to deny him jail credit. *Gora v. Macomb Circuit Judge,* 260232 (Mich.Ct.App. February 25, 2005). Petitioner did not file an appeal with the Michigan Court of Appeals, but instead filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *Gora v. Macomb Circuit Judge*, 474 Mich. 901; 705 N.W. 2d 114 (2005).

Petitioner now seeks a writ of habeas corpus on the following ground:

That Petitioner was entitled to jail credit with the jail time previously served against the sentence imposed on the present case.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because petitioner has failed to allege any facts showing that he is being detained in violation of the United States Constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v.*

*Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970). After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claim is meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). [1]

A federal court may grant a writ of habeas corpus only if the petitioner "is in

---

[1] Petitioner's claim may also be unexhausted, because he only sought review of the denial of his jail credits by filing a motion for superintending control in the Michigan Court of Appeals, as opposed to filing an appeal. M.C.R. 3.302(B) indicates that if another remedy is available to the party seeking superintending control, the party must use that remedy. M.C.R. 3.302(D)(2) further indicates that when an appeal is available in the Michigan Court of Appeals or the Michigan Supreme Court, the party must utilize that method of review. However, a habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). Thus, a habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address petitioner's claim, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).  Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(*citing Hansard v. Barrett,* 980 F. 2d 1059, 1062 (6th Cir.1992)).  Because petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is noncognizable on federal habeas review. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Travis v. Lockhart*, 925 F. 2d 1095, 1097 (8th Cir. 1991); *Hoover v. Snyder,* 904 F. Supp. 232, 234 (D. Del. 1995).

 Moreover, under Michigan law, when a parolee is arrested for a new criminal offense, as was the case here, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to receive credit for time served in jail on the sentence for the new offense. *People v. Seiders,* 262 Mich. App. 702, 705; 686 N.W. 2d 821 (2004)(citing M.C.L.A. 791.238(2)).  A parole detainee who is convicted of a new criminal offense is entitled to credit for time served in jail as a parole detainee, but that credit may only be applied to the sentence for which the parole was granted. *Id.*  Because petitioner was being held on a parole detainer on a prior conviction, he would not be entitled to receive any jail credit against his sentence for his new offense under Michigan law.

4

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).  Therefore, a district court has the power to deny a certificate of appealability *sua sponte. See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Millender,* 187 F. Supp. 2d at 880.  It would be a "rare case" in which a district judge issues a habeas petitioner a

certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

                                          s/Gerald E.Rosen
                                          **HON. GERALD E. ROSEN**
                                          UNITED STATES DISTRICT COURT

DATED: December 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2005, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager